FILED
APR 14 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEJANDRO VALDEZ III<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION: 5:25-cv-00372 |
| | § | |
| ARGO GROUP US, INC.<br>    Defendants. | §<br>§<br>§ | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### Jury Trial Demanded

### INTRODUCTION

1. This is a civil action seeking damages and equitable relief for discrimination, harassment, and retaliation in violation of the Americans with Disabilities Act (ADA).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 as this case involves a federal question arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred within this district.

### PARTIES

4. Plaintiff, ALEJANDRO VALDEZ III, is a resident of San Antonio, Texas, and was employed by Defendant as a Service Delivery Analyst from February 2020 until December 30, 2024.

5. Defendant, ARGO GROUP US, INC., is a corporation organized under the laws of Delaware, with its principal place of business in New York, New York, and a relevant branch in San Antonio, Texas. Defendant qualifies as an employer under the Americans with Disabilities Act, 42 U.S.C. § 12111(5), as it employs more than 15 individuals.

## FACTUAL ALLEGATIONS

6. Plaintiff ALEJANDRO VALDEZ III began working as a Service Delivery Analyst for Defendant in February 2020 and has consistently performed well.

7. Plaintiff suffers from long COVID, a disability under the ADA. He informed Defendant of this condition and requested accommodations on February 29, 2024.

8. On March 21, 2024, Plaintiff formally requested to work from home. Despite adequate medical documentation, this request was not promptly addressed by Defendant.

9. Defendant introduced a hybrid work model on April 1, 2024, which Plaintiff followed starting May 7, 2024. On May 17, 2024, Defendant, through Abby Mendoza, denied the request for permanent remote work, citing insufficient documentation despite evidence to the contrary.

10. After receiving a formal diagnosis on May 20, 2024, the Plaintiff communicated this to the Defendant to support his accommodation request. Nonetheless, on July 19, 2024, the Defendant only partially accommodated his request, continuing to deny permanent remote work.

11. Due to inadequate accommodations, Plaintiff's health declined, leading to a short-term disability leave request on August 26, 2024, approved through November 11, 2024.

12. On August 21, 2024, Plaintiff raised concerns about his high-risk desk location. Despite this, Abby Mendoza assigned him to a central, high-exposure desk on August 23, 2024.

13. On October 28, 2024, Abby Mendoza informed Plaintiff of the expiration of his leave, warning of job abandonment without considering ongoing health issues.

14. Throughout November 2024, Plaintiff reiterated his need for accommodations due to his immunocompromised status, but was repeatedly directed to attend in-office by Abby Mendoza.

15. On November 15, 2024, Plaintiff accused Abby Mendoza of undermining his credibility by falsely reporting policy violations, which was documented in communications to the EEOC.

16. On November 18, 2024, Abby Mendoza denied Plaintiff's request for full-time remote work, mandating increased office presence starting December 20, 2024.

17. Plaintiff was reassigned and terminated on December 30, 2024, impacting his 401(k)'s vesting scheduled for February 2025, resulting in significant financial loss.

18. Defendant's actions caused Plaintiff substantial economic harm, including lost income, increased medical expenses, and harm to his professional reputation.

19. Plaintiff suffered severe emotional distress, including anxiety and panic attacks, requiring psychological treatment due to Defendant's actions.

20. Defendant's acts and omissions demonstrate discrimination, failure to accommodate, retaliation, and a hostile work environment, all contributing to Plaintiff's damages.

## CLAIMS FOR RELIEF

### Count I: Discrimination in Violation of the ADA

13. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

14. Defendant discriminated against Plaintiff by failing to provide reasonable accommodations for Plaintiff's disability and by subjecting Plaintiff to a hostile work environment.

### Count II: Retaliation in Violation of the ADA

15. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

16. Defendant retaliated against Plaintiff for engaging in protected activities, including requesting accommodations and reporting harassment.

### Count III: Hostile Work Environment

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18. Defendant created or allowed a hostile work environment based on Plaintiff's disability and in retaliation for protected activities.

### Count IV: Loss of Benefits

19. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

20. Defendant's discriminatory and retaliatory actions resulted in Plaintiff's premature termination, which in turn led to the loss of full vesting in his 401(k) retirement benefits, causing substantial financial harm. This loss of benefits further supports the claims of discrimination and retaliation under the ADA as Defendant's actions were directly linked to Plaintiff's exercise of protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiff compensatory damages for economic loss, emotional distress, and other consequential damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff reasonable attorney's fees and costs of this action;

E. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 14, 2025

Respectfully submitted,

MATTHEW ADAMS, ATTORNEY AT LAW, PLLC

*/s/ Matthew Adams*

Matthew Adams
Texas State Bar No. 24096343
Pro Hac Vice
1603 Babcock Road, Suite 159
San Antonio, Texas 78229
Telephone: (210) 693-0736
Facsimile: (210) 943-9340
Email: madams@matthewadams.law
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, a true and correct copy of the foregoing document has been served to the following attorneys of record:

Hunter Johnson
Email: hjohnson@contangy.com
Constangy, Brooks, Smith & Prophete, LLP
1201 Elm Street, Suite 2550
Dallas, Texas 75270
Telephone: (214) 646-8625
Facsimile: (972) 865-4791

Katherine Serrano
Email: kserrano@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
1250 S Capital of Texas Highway Building 3 Suite 400
Austin, Texas 78746
Telephone: (512) 382-8800
Attorneys for Defendant Argo Group US, inc.

/s/ Matthew Adams
Matthew Adams